HAMLET ICE COMPANY v. J. A. JONES CONSTRUCTION
COMPANY ET AL.

(Filed 26 October, 1927.)

1. **Appeal and Error — Burden of Proof — Evidence — Questions and Answers.**

    Where exception is taken to the judge's exclusion of evidence upon the trial, it is upon appellant to show error, and when the exception is taken to unanswered questions, the substance of the answers must be made to appear on appeal, so that the Supreme Court may pass upon its competency.

**2. Contracts—Building Contracts—Substantial Compliance — Burden of Proof.**

   Where damages for a breach of a builder's contract are sought in an action, and the breach is denied, the burden of proof is on the plaintiff to show that the contract has not been substantially complied with by the defendant, under conflicting evidence.

Appeal by plaintiff from *Devin, J.,* at February Term, 1927, of Wake. No error.

Action to recover damages for breach of building contract; defendant denied the breach as alleged, and in its answer demanded judgment for the balance due on the contract price.

Issues submitted to the jury were answered as follows:

1. Did the defendant, J. A. Jones Construction Company, breach its contract with the plaintiff, as alleged in the complaint? Answer: No.

2. If so, what amount of damages did the plaintiff sustain on account of said breach? Answer: ..............

3. What is the balance of the contract price, including extras, due the defendant by the plaintiff? Answer: $6,200.

From judgment on the verdict plaintiff appealed to the Supreme Court.

*S. Brown Shepherd and J. W. Bailey for plaintiff.*
*Robt. N. Simms and Plummer Stewart for defendants.*

Connor, J. Only assignments of error pertinent to the first issue submitted to and answered by the jury in the negative, need be considered upon plaintiff's appeal from the judgment in this action. If there is no error with respect to the first issue, manifestly it is immaterial whether or not there was error with respect to the second issue. There are no assignments of error in the record based upon exceptions to evidence or instructions relative to the third issue.

Defendant entered into a contract by which it agreed to construct for plaintiff, at Hamlet, N. C., an ice-storage plant, according to plans and specifications, all of which were in writing. Testimony of a witness, although an expert, as to general methods of designing and constructing cold-storage warehouses, as to whether the plans and specifications upon which defendant had agreed to construct the plant for plaintiff were of an approved and acceptable kind for the construction of cold-storage warehouses, and as to whether shavings used in the construction of the walls of the plant for insulation should be dry, and as to the effect of using wet shavings for that purpose, was properly excluded as evidence, upon defendant's objection.

Defendant promptly objected to questions addressed to the witness with respect to these matters. The record fails to disclose what the answers of the witness would have been had the objections been overruled. The competency of the testimony is not, therefore, presented by the assignments of error upon plaintiff's appeal. *Barbee v. Davis,* 187 N. C., 78, and cases cited.

With respect to the first issue the court instructed the jury as follows: "The burden of proof upon this issue is upon the plaintiff to satisfy you from the evidence, and by the greater weight thereof, that the defendant failed to comply with the terms of the contract in the erection of this building, as alleged in the complaint; that is, that he failed to substantially erect and build the building as the contract called for. That presents a question of fact, and the contract, specifications and blue prints, schedule of materials agreed upon between the parties have been submitted to you, together with the testimony of a large number of witnesses as to what was done, and as to the alleged failure of defendant to complete the building in accordance with the contract, and evidence on the other hand by the defendant that it was substantially erected and completed in accordance with the terms of the contract. It is a question of fact for you to determine."

Plaintiff excepted to this instruction, contending specifically that there was error in that the court in effect instructed the jury that there was no breach of the contract by defendant, if there was a substantial compliance with its terms. The assignment of error based upon this exception cannot be sustained. The instruction is in accord with the law as stated in the opinion of *Varser, J.,* in *Moss v. Knitting Mill,* 190 N. C., 644. We find

No error.