CAROLINA COACH COMPANY v. CENTRAL MOTOR LINES, INC., AND THEODORE ADDISON.

(Filed 15 December, 1948.)

**1. Appeal and Error § 39e—**

The exclusion of testimony cannot be held prejudicial when the record fails to disclose what the testimony of the witnesses would have been.

**2. Appeal and Error § 39b—**

Exceptions relating to an issue correctly left unanswered by the jury because of answers to previous issues will not be sustained, since the matter cannot be prejudicial.

**3. Appeal and Error § 6a—**

A party may not take exception to a ruling by the court in his favor.

**4. Evidence § 30a—**

The admission of photographs for the purpose of explaining the testimony of witnesses after they had testified that the photographs were a fair representation of the conditions existing at the time of the accident, with minor exceptions pointed out. cannot be held for error on exception on the ground that the photographs were taken after material changes had been made at the scene when the objecting party offers no evidence to sustain its contention.

**5. Appeal and Error § 6c (6)—**

Exceptions to the court's statement of the contentions ordinarily will not be sustained when it does not appear that appellant objected and called same to the attention of the trial court at the time.

**6. Trial § 49—**

A motion to set aside the verdict upon conflicting evidence on the ground that the verdict is contrary to the weight of the evidence is addressed to

the sound discretion of the trial court and its determination thereof is not reviewable.

**7. Appeal and Error § 40a—**

Exception to the signing of the judgment is untenable when the judgment follows the verdict.

**8. Appeal and Error § 7:  Trial § 28—**

In order to test the sufficiency of defendant's evidence upon an affirmative defense, plaintiff must move for a directed verdict on that issue, the burden thereon being upon defendant, and in the absence of such motion exception on appeal to the submission of the issue on the ground that it was not supported by evidence will not be considered.

Appeal by plaintiff from *Edmundson, Special Judge,* at February Term, 1948, of Davidson.

Civil action to recover for damage to, and for loss of use of bus allegedly resulting from actionable negligence of defendant.

Defendants, answering, deny any negligence on their part, and plead sole negligence and contributory negligence of plaintiff.

Upon the trial in Superior Court these three issues were submitted to the jury:

"1. Was the plaintiff's property damaged through the negligence of the defendants, as alleged?

"2. Did the plaintiff by its own negligence contribute to its damages as alleged in the answer?

"3. What amount, if any, is the plaintiff entitled to recover of the defendant?"

The jury answered the first issue "Yes," and the second issue "Yes," but, in accordance with the instructions of the court, having so answered the first and second issues, did not answer the third issue.

From judgment for defendant and against plaintiff, on verdict so rendered, plaintiff appeals to Supreme Court, and assigns error.

*I. E. Johnson and W. H. Steed for plaintiff, appellant.*
*Phillips & Bower and McCrary & DeLapp for defendants, appellees.*

Winborne, J.   Plaintiff, appellant, brings forward ten assignments of error, in none of which is prejudicial error made to appear.   However we treat them *seriatim:*

Assignments of error Nos. 1, 2 and 4, based on exceptions of same numbers, are directed to the ruling of the court in sustaining objection by defendants to certain questions asked by counsel for plaintiff relating to cost of operation of buses of plaintiff.   The record does not show what the answer of the witness would have been if permitted to answer.   Com-

petency of the testimony is not, therefore, presented by the assignments of error. *Barbee v. Davis,* 187 N. C. 78, 121 S. E. 176, and cases cited. See also *Ice Co. v. Construction Co.,* 194 N. C. 407, 139 S. E. 771. Moreover, all of these questions here under consideration have bearing only on the third issue, that is, the issue of damages, which was not reached for answer by the jury. Hence, for this reason if there were error in sustaining the objections to them, it would be harmless.

Assignment of error No. 3 is founded on exception No. 3, taken to the action of the court in overruling objection by defendant to question asked by plaintiff pertaining to knowledge of the witness as to the cost of operation of the particular bus of plaintiff involved in this action. This ruling is in plaintiff's favor. Hence the exception is without merit.

Assignment of error No. 5, covering exception No. 5, to the action of the court in overruling objection by plaintiff to the introduction of photographs, defendants' exhibits 1 and 2. Plaintiff states in its brief that these photographs were taken after material changes had been made at the scene of accident and did not represent the condition of the road and land surrounding the highway. However, the only evidence we find in the record as to photographs comes, first, on cross-examination of the driver of plaintiff's bus, who testified: "This picture looks pretty near like the surroundings there just before I got to the telephone pole and ran into it. That's what I call a shoulder," and, second, on direct examination of Addison, defendant and witness for defendants, who testified: (indicating) "I say that picture is a fair representation of the conditions of the road, the entrance to Lee's Diner, the Diner itself and the land surrounding the highway at the time of the wreck. It is all except this little building right here. There is no difference in the land or the highway or the driveway." Following this statement of Addison, the photographs were offered. The court instructed the jury in effect that the photographs are not substantive evidence and are offered and received only for the purpose of illustrating the testimony of the witness, if the jury find that they do illustrate, and for no other purpose. This ruling is in keeping with decision in *S. v. Gardner,* 228 N. C. 567, 46 S. E. (2) 824, and cases there cited.

Assignments of error Nos. 6 and 7 are based upon exceptions of like numbers, to portions of the charge in which the court was stating contentions of defendant. If there were matter in the statement, not supported by the evidence, it does not appear that plaintiff objected and called that fact to the attention of the court at the time the statements were made. A failure to do so constitutes, ordinarily, a waiver of objection to the statement. *McMahan v. Spruce Co.,* 180 N. C. 636, 105 S. E. 439; *Vance v. Guy,* 224 N. C. 607, 31 S. E. (2) 766, and cases cited. Nothing

COACH CO. *v.* MOTOR LINES.

is made to appear here that would constitute an exception to the ordinary rule.

Furthermore, as to the 7th assignment of error, this relates to a statement of contention of defendant as to awarding damages. If there were error in the statement of such contention, and it had been called to the attention of the court, and not corrected, it would be harmless for that it relates to the third issue which was not reached for answer by the jury.

Assignments of error Nos. 8 and 9, covering exception No. 8, are to the action of the court in overruling plaintiff's motion "to set aside the verdict as being contrary to the law and evidence, and for a new trial," and exception No. 9, to the signing of the judgment. In this connection, the statute G.S. 1-207, formerly C.S. 591, provides that the judge who tries the cause may, in his discretion, entertain a motion, to be made on his minutes, to set aside a verdict and grant a new trial upon exceptions, or for insufficient evidence, or for excessive damages. "This is not the same question as in motion of nonsuit, or to direct a verdict, where the judge must allow the case to go to the jury if there is sufficient evidence to be considered by them, that is, more than a scintilla, or to give rise to a mere conjecture; but he may be of opinion that, after considering the evidence, the jury came to a wrong conclusion and for that reason set aside the verdict. Since it is a matter of discretion, there is no definite rule to control its exercise," McIntosh N. C. P. & P., p. 674, Section 610 (4). Indeed, a motion to set aside a verdict as not in conformity with the evidence is addressed to the discretion of the trial judge, when the evidence is conflicting, as in the present case, and will not be considered on appeal. *Hoke v. Whisnant,* 174 N. C. 658, 94 S. E. 446. And as to the signing of the judgment, it is sufficient to say that it follows the verdict.

Lastly, assignment of error No. 10, relating to no exception, is as stated in brief of plaintiff, directed against "the action of the court in submitting the issue of contributory negligence to the jury, when there was no evidence to support said issue." In this connection the record fails to show that plaintiff objected and excepted to the submission of the issue of contributory negligence; nor does it show that plaintiff moved for a directed verdict on that issue. If plaintiff desired to test the legal sufficiency of the evidence offered by defendants to support their defense of contributory negligence, the burden of proof of which was on them, it should have moved, in apt time, for a directed verdict on the issue of contributory negligence. And having failed to do so, plaintiff may not, in case on appeal to Supreme Court, effect a valid exception upon which to challenge the legal sufficiency of the evidence to justify the submission of the issue.

At any rate there is no contention that the answer of defendants fails to properly plead the defense of contributory negligence. A reading of the answer reveals the sufficiency of the averments in this respect. And a perusal of the testimony offered by defendants, as shown in the record on this appeal, indicates an abundance of evidence to justify, and to support the verdict as rendered by the jury.

For these reasons, the assignments of error are not sustained, and in the judgment below we find

No error.