MRS. LOIS R. BUMGARDNER, ADMINISTRATRIX OF THE ESTATE OF DONNA RAE BUMGARDNER ELLIOTT, DECEASED, v. ALLISON FENCE COMPANY, ROBERT H. GEORGE AND H. M. BARGER, TRADING AND DOING BUSINESS AS RED BIRD TAXI.

(Filed 6 January, 1953.)

**1. Pleadings § 19c—**

A demurrer admits the truth of the allegations of fact contained in the complaint together with relevant inferences of fact necessarily deducible therefrom, but does not admit conclusions or inferences of law.

**2. Same—**

Upon demurrer, the complaint will be liberally construed, giving the pleader every reasonable intendment in his favor, and the demurrer overruled unless the pleading be fatally defective.

**3. Automobiles §§ 8d, 18d, 21—Complaint held to allege joint negligence of one defendant in parking without lights and of other defendant in colliding with parked vehicle.**

The complaint alleged in effect that one defendant, in violation of law, left his truck parked without lights on a city street on a rainy night, with pipe, constituting a part of the truck load, extending nine feet three inches beyond the truck body, and that intestate was fatally injured when the driver of the taxi in which she was riding failed to keep a proper lookout, or drove at excessive speed under the circumstances, and collided with the rear of the truck, causing the pipe of the truck load to pierce intestate's head. *Held:* Demurrer of the truck owner on the ground that the complaint disclosed that the negligence of the taxi driver was the sole proximate cause of the accident was properly overruled.

**4. Negligence § 16: Pleadings § 31—**

Plaintiff may properly describe the wounds inflicted upon his intestate as a result of the accident in suit as bearing upon the allegations of negligence, and motion to strike same on the ground that they tended to create passion or prejudice is properly denied.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by defendant Allison Fence Company, and Robert H. George, and by H. M. Barger, trading and doing business as Red Bird Taxi, from

*Rudisill, J.,* 16th Judicial District, in Chambers at Newton, N. C., 19 April, 1952, of CATAWBA.

Civil action to recover for alleged wrongful death, heard (1) upon demurrer of defendants Allison Fence Company and Robert H. George to complaint of plaintiff, and (2) upon motion of defendants H. M. Barger, trading and doing business as Red Bird Taxi, to strike certain portions of the complaint.

Plaintiff alleges in her complaint in pertinent part:

I. That on 3 December, 1951, defendant H. M. Barger was the owner of a certain automobile and operating same as a taxi under the trade name of Red Bird Taxi for the transportation of passengers in the city of Hickory, N. C.

II. That on said date defendant Allison Fence Company was the owner of a certain truck, which its servant, agent and employee Robert H. George, defendant, acting within the scope and course of his employment, parked on the right-hand side of 2nd Avenue, S.E., just east of 5th Street, S.E., and headed east in the city of Hickory, N. C., on the afternoon . . . and permitted it to remain so parked until approximately 6:05 p.m.; that the cab of said truck was locked and the bed of the same was loaded with sand, or gravel, a wheelbarrow and one-inch piping extending approximately 9 feet and 3 inches from the west end of said truck body; and that said truck was so parked "for the purpose of storing the same at said point for the night."

III. That "the contour of 2nd Avenue, S.E., east of 5th Street, S.E., is downward, creating a rather large dip on said 2nd Avenue, S.E.," and said "truck was parked on the right-hand side of said avenue at a point near the bottom of said dip"; that at the time "it was rainy, misty and in low points on said street foggy and hazy"; that ". . . there was insufficient light on 2nd Avenue, S.E., east of 5th Street, S.E., to reveal a person within a distance of 200 feet, and notwithstanding, the defendant Allison Fence Company acting through its agent" as aforesaid permitted said truck "to remain parked in the darkness."

IV. "13. That the defendants Allison Fence Company and Robert H. George negligently failed to have burning lights on the front and rear of said truck, and were particularly negligent in that they failed to have a burning red light on the rear of said truck and on the end of said load extending 9 feet and 3 inches beyond the body of said truck, notwithstanding they permitted the same to remain parked on said Avenue after a half hour of sunset, and notwithstanding the weather conditions were such that visibility was poor, and said defendants . . . were generally negligent."

V. And plaintiff further alleges in respect of and against defendant H. M. Barger:

"14. That on said occasion plaintiff's intestate . . . shortly before 6 o'clock P. M. . . . procured a public conveyance, to wit: a Red Bird Taxi, owned and operated at the time by the defendant H. M. Barger to take her to her home . . . located eastward from the point where the defendant Allison Fence Company's truck was parked on 2nd Avenue, S.E.

"15. That the plaintiff's intestate occupied the right rear seat of said taxicab and as said taxi proceeded on 2nd Avenue, S.E., and came out of the decline hereinbefore referred to, said taxi violently struck the unlighted rear portion of the defendant Allison Fence Company's truck with such force as to drive the front portion of said taxicab under the rear bed of said truck.

"16. That the defendant H. M. Barger on said occasion negligently failed to keep a proper lookout and negligently drove said Red Bird Taxi at an unreasonable rate of speed under the then existing circumstances, and negligently outran the range of his lights, negligently failed to reduce the speed of said Red Bird Taxi so as to permit him to travel in safety with his fare-paying passenger, the plaintiff's intestate, but on the contrary drove in such way and manner as to negligently fail to see objects on the highway and street, which he would or should have seen in the exercise of due care and caution under the circumstances then and there existing.

"17. Without any warning or notice to plaintiff's intestate as to the presence of the defendant Allison Fence Company's unlighted truck on said avenue and highway, the force of the collision drove pipes, which extended 9 feet and 3 inches over the bed of said truck, through the windshield of the taxicab in such way and manner as to drive one of the pipes through the right eye of plaintiff's intestate, thereby punching the same out, and said pipe was driven through and extended out the back of her head, thereby knocking a big hole in the back of her head, and emptied all of her brains on the floorboard of the back seat of said taxi; that another pipe hit the side of her nose and made a big gash through her left face, resulting in the instant death of plaintiff's intestate."

VI. And plaintiff further alleges: "18. That the death of the said Donna Rae Bumgardner Elliott, plaintiff's intestate, was due solely to and was the result of the joint and several negligent acts of the defendants concurring and proximately causing the said death of plaintiff's intestate —the defendant Allison Fence Company acting through its agent, servant and driver, as aforesaid—which negligent acts of omission and commission, in addition to what has heretofore been set out, were the direct and proximate cause of the death of plaintiff's intestate, in that: the defendants Allison Fence Company and Robert H. George, "(a) . . . negligently and carelessly parked said truck on said highway and avenue

under such circumstances and weather conditions that they knew, or ought to have known, in the exercise of ordinary care that same constituted a hazard and likely to produce death and damage; and (b) . . . without having a burning red light on the rear of said truck, or other visible device, as required by law, sufficient to warn of its presence, in violation of the General Statutes of North Carolina, in such cases made and provided; and (c) . . . permitted said loaded truck to remain on said highway and avenue loaded with pipes extending 9 feet and 3 inches beyond its bed, without providing a red light at the end of the load, and without providing at the end of the load a red flag, as required by Section 20-117 of the General Statutes of North Carolina; and (d) . . . and permitted to be parked said loaded truck at a place and at a time on said 2nd Avenue, S.E., where light was insufficient to reveal a person within a distance of 200 feet upon such avenue, in violation of Chapter 26, Article III, Section 56, of Charter and Code of the City of Hickory, which embraces the Ordinances of said City of Hickory, and which Chapter, Article, and Section is hereby specifically pleaded; and (e) . . . permitted to leave standing and unattended on said 2nd Avenue, S.E., said truck outside of a business or residential district, in violation of Section 20-161 of the General Statutes of North Carolina; and (f) . . . one-half hour after sunset . . . without lights, in violation of Section 20-134 of the General Statutes of North Carolina; and (g) . . . to be parked for storage purposes . . . on 2nd Avenue, S.E. in the City of Hickory, in violation of Chapter 26, Article III, Section 47, Subsection (3) of the Ordinances of said City of Hickory, which Chapter, Article, Section and Subsection of said Ordinances is hereby specifically pleaded; and (h) . . . in such way and manner as to interrupt and interfere with the passage of other vehicles, in violation of Chapter 26, Article III, Section 49 of the Ordinances of the City of Hickory, which Chapter, Article and Section of said Ordinances is specifically pleaded; and (i) The defendant, H. M. Barger, negligently drove said Red Bird Taxi at a speed greater then was reasonable and prudent under the conditions then and there existing; and (j) . . . failed to keep a proper lookout; and (k) . . . negligently outran the range of his lights; and (l) . . . negligently failed to reduce his speed so as to permit him to travel in safety, and safety to his passenger, the plaintiff's intestate; and (m) . . . negligently failed to see objects on the highway, particularly said parked truck, when he would or should have seen, had he exercised due care and caution under the then existing circumstances."

"19. That all of said joint and several negligent acts of omission and commission concurred and were the direct and proximate causes of the death of plaintiff's intestate."

BUMGARDNER *v.* FENCE CO.

Defendants Allison Fence Company and Robert H. George demurred to the complaint of plaintiff for that it "fails to state facts sufficient to constitute a cause of action against these defendants; that the allegations of the complaint establish that the plaintiff was injured solely and proximately by the intervening negligence of the defendant H. M. Barger, trading and doing business as Red Bird Taxi."

The court, upon hearing on this demurrer, being of opinion that it should be overruled, entered an order so holding. The demurring defendants excepted thereto, and appeal therefrom to the Supreme Court, and assign error.

And the defendant, H. M. Barger, trading and doing business as Red Bird Taxi, moved the court to strike the following portions of the complaint of plaintiff:

"1. All of paragraphs 16 . . . for that the same is redundant in that it is repetitive of the matters set forth in sub-paragraph (i) through (m) of paragraph 18 . . . and is highly prejudicial to this defendant.

"2. So much of paragraph 17 . . . as begins in the 6th line thereof and reads as follows: 'thereby punching the same out, and said pipe was driven through and extended out of the back of her head, thereby knocking a big hole in the back of her head, and emptied all of her brains on the floorboard of the back seat of the taxi,' for that (a) the foregoing matter is irrelevant, tends to passion and prejudice, and is highly prejudicial to this defendant. (b) If relevant, the foregoing matter is purely evidential and not properly pleaded in this complaint.

"3. So much of paragraph 17 of the complaint as begins on the 9th line thereof and reads as follows: 'and made a big gash through her left face,' for that (a) the foregoing matter is irrelevant, tends to passion and prejudice, and is highly prejudicial to this defendant. (b) If relevant, the foregoing matter is purely evidential and not properly pleaded in this complaint.

"4. So much of paragraph 20 of the complaint as begins in the 5th line thereof, and reads as follows: 'and slaughtered,' for that the same is irrelevant and immaterial and tends to passion and prejudice and is highly prejudicial to this defendant."

The court, upon hearing on the motion to strike, being of the opinion that paragraphs 1, 2 and 3 of said motion should be denied, and paragraph 4 of said motion should be allowed, entered an order in accordance therewith.

Defendant, the movant, excepted to so much of the order as denied his motion to strike the portions of the complaint as are set out in paragraphs 1, 2 and 3 of his motion, and appealed to the Supreme Court, and assigns error.

*Theodore F. Cummings for plaintiff, appellee.*

*Smathers & Shuford for defendants Allison Fence Company and Robert H. George, appellants.*

*Smathers & Carpenter, Lewis B. Carpenter, and William B. Webb for defendant H. M. Barger, appellant.*

WINBORNE, J.  We treat the appeals of appellants in the order of their names:

Appeal of Allison Fence Company and Robert H. George.

The demurrer of these defendants brings into focus the allegations of plaintiff's complaint and raises the question as to whether or not the facts alleged are sufficient to constitute a cause of action against them.  For this purpose the truth of the allegations contained therein is admitted, and "ordinarily relevant inferences of fact necessarily deducible therefrom are also admitted.  But the principle does not extend to admissions of conclusions or inferences of law," *Stacy, C. J.,* in *Ballinger v. Thomas,* 195 N.C. 517, 142 S.E. 761; also *Ins. Co. v. McCraw,* 215 N.C. 105, 1 S.E. 2d 369, and *Ferrell v. Worthington,* 226 N.C. 609, 39 S.E. 2d 812, and numerous other cases.

Indeed, it is provided by statute, G.S. 1-151, that "in the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed with the view to substantial justice between the parties."  And decisions of this Court interpreting and applying the provisions of this statute require that every reasonable intendment must be in favor of the pleader.  The pleading must be fatally defective before it will be rejected as insufficient.  See *Ins. Co. v. McCraw, supra,* and cases there cited.

In the light of the provisions and principles of the statute, as so interpreted and applied, consideration of the facts alleged leads this Court to conclude that the allegations in respect to these defendants are not so fatally defective, as a matter of law, as to require the sustaining of the demurrer on the ground upon which it is predicated.  The factual situation may be fully developed upon the trial in Superior Court.  Then the court may consider the case in the light of the evidence offered.  And such consideration will not be foreclosed by decision now made on the demurrer.  See *Montgomery v. Blades,* 222 N.C. 463, at page 469, 23 S.E. 2d 844; *Lewis v. Shaver, ante,* 510, and cases there cited.

As to the appeal of H. M. Barger:

Careful consideration of the matters to which this defendant excepts and assigns as error fails to disclose error.  We need refer only to allegations pertaining to the gruesomeness of the wounds inflicted upon plaintiff's intestate.  It would appear that they have bearing upon the allegations of negligence of this defendant in operation of his taxi.  See *Her-*

*man v. R. R.,* 197 N.C. 718, 150 S.E. 361; *Hinnant v. R. R.,* 202 N.C. 489, 163 S.E. 555. Compare the cases of *S. v. Miller,* 219 N.C. 514, 14 S.E. 2d 522, and *S. v. Gardner,* 228 N.C. 567, 46 S.E. 2d 824, and *Coach Co. v. Motor Lines,* 229 N.C. 650, 50 S.E. 2d 909, where photographs were involved. Here, as there, the trial court may keep the evidence within due bounds.

Hence, the judgment on both appeals is

Affirmed.

PARKER, J., took no part in the consideration or decision of this case.