J. C. LAMM v. JUNE A. CRUMPLER, T. R. HUMPHREY AND BROOKWOOD GARDEN APARTMENTS, INC.

(Filed 7 April, 1954.)

**1. Pleadings § 15—**

An action based on agreement to suppress bidding at a public sale was terminated by demurrer on the ground that the contract was unenforceable as *contra bonos mores*. In a subsequent action, the complaint alleged another agreement respecting the same property, but made no reference to the former action. *Held:* Upon demurrer in the second action, whether the complaint therein set up a new contract which was not tainted with the unlawful agreement alleged in the first, is not presented, since extraneous matters *dehors* a pleading may not be considered on demurrer.

**2. Same—**

Upon demurrer a pleading will be liberally construed in favor of the pleader, giving him every reasonable intendment in his favor, and the pleading will not be overthrown unless it is fatally defective.

**3. Fraud § 1—**

Fraud is a material representation relating to a past or existing fact, which is false, made with knowledge of its falsity or in reckless disregard of the truth, with intention that the other party should act thereon, and which is reasonably relied and acted upon by the other party to his damage.

**4. Fraud § 3—**

A misrepresentation as to promissor's intent which is made for the purpose of inducing the other party to act or refrain from acting in reliance thereon will support an action for fraud even though it be promissory in nature, since the state of a person's mind at a particular time is as much a fact as any other fact.

**5. Fraud § 9—Complaint held sufficient to state cause of action for fraud.**

Plaintiff alleged that he was the last and highest bidder at a judicial sale, that he was induced to join in the commissioner's deed conveying the property to defendants by representations that defendants needed a part of said land to obtain approval by the Federal Housing Administration of a housing project, that defendants promised to reconvey to plaintiff that part of the land not needed for this purpose as soon as the amount of land needed could be ascertained, when in fact defendants at the time of making the representations knew the small amount of the land necessary for their housing project, and that defendants thereafter failed and refused to reconvey to plaintiff the part of the land not needed. *Held:* The complaint is sufficient to state a cause of action for fraud.

**6. Trusts § 4c—Grantor may engraft parol trust on deed executed by him in reliance on fraudulent misrepresentations.**

While, ordinarily, a grantor may not engraft a parol trust upon his own deed, allegations to the effect that plaintiff was the last and highest bidder at a judicial sale, that defendants represented that they needed a part of the property for their housing development and would reconvey to plaintiff the part of the land not needed for this purpose as soon as the amount

needed could be ascertained, that defendants, at the time, knew that only a small part of the land would be needed for the housing project, and induced plaintiff by reason of such false representations to join in the commissioner's deed to defendants merely as the most expeditious method of assigning this bid, and that thereafter defendants refused to reconvey to plaintiff that part of the land not needed for the housing development, *is held* sufficient to bring plaintiff's action within the exception to the general rule.

BOBBITT, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Burgwyn, Emergency Judge,* at August Term, 1953, of ALAMANCE, as No. 743, to Fall Term, 1953, of Supreme Court, carried over to Spring Term, 1954.

Civil action (1) to declare that individual defendants Crumpler and Humphrey hold title to certain lands in trust for benefit of plaintiff, in respect of which *lis pendens* has been filed; (2) to require defendants to effectually convey title to said land to plaintiff as the rightful owner thereof; (3) to recover compensatory damages for breach of trust and agreement, in the event defendants are unable to effectually convey said title; (4) to recover of individual defendants punitive damages because of fraud alleged; and (5) for such other and further relief to which he may be entitled,—heard in Superior Court of Alamance County upon demurrer filed by defendants to the complaint of plaintiff.

The case is sequel to *Lamm v. Crumpler,* 233 N.C. 717, 65 S.E. 2d 336.

Here the complaint as amended contains allegations substantially as follows:

1 and 2. That plaintiff and the individual defendants are residents of Alamance County, North Carolina, and defendant Brookwood Garden Apartments, Inc., is a corporation created, organized and existing under the laws of the State of North Carolina, with principal office and place of business in the city of Burlington in said county.

"3. That on or about June 22, 1949, certain real estate situate in the city of Burlington, Alamance County, North Carolina, known as the R. G. Hornaday Estate, was offered for sale at public auction by Commissioners of the Superior Court of Alamance County; that at said sale the plaintiff became the highest bidder for Tract No. 35 of said estate for the sum of $16,800, and the defendants, June A. Crumpler and T. R. Humphrey, became the highest bidders for Tract No. 34 . . . for the sum of $15,025.

"4. That for some time prior to the sale of said lands . . . the defendants, June A. Crumpler and T. R. Humphrey, were engaged in the acquisition of real estate and the making of plans for the construction of a housing development, including the construction of a number of apartments and residential units under plans which they represented to the

plaintiff would have to meet approval of the Federal Housing Administration before they could obtain the necessary financing therefor . . .

"5. That on July 2, 1949, the defendant Crumpler, acting for himself and his co-partner or co-promoter, the defendant T. R. Humphrey insisted that the plaintiff meet with him and his attorney for the purpose of discussing and, if possible, reaching some mutually satisfactory agreement with respect to a division of said Tract No. 35 of the R. G. Hornaday Estate. After much urging and coaxing the plaintiff . . . did meet him and his attorney at a late hour on the night of July 2, 1949, . . .; that at said time and place the defendant Crumpler represented to the plaintiff and his attorney that he and his co-partner or co-promoter, . . ., were obliged to acquire Tract No. 34 of the R. G. Hornaday Estate and a part of Tract No. 35 . . . for the housing development, and that unless they did acquire said property their plans would not be approved by the Federal Housing Administration; that for those reasons they wanted to make an agreement with the plaintiff to the effect that if the plaintiff would assign his bid on Tract No. 35 to the defendant Crumpler, the defendants Crumpler and Humphrey would agree to advance the purchase price of Tract No. 35 and thereafter hold in trust and re-convey to the plaintiff so much of the west side of Tract No. 35 that they would not be required to own in order to obtain approval of their housing development, at the purchase price per acre for which the plaintiff was then the final and preferred bidder for Tract No. 35, as by law provided. . . . That said defendant Crumpler, on said occasion, represented to the plaintiff that it was necessary and essential for him to advise the Federal Housing Administration immediately of the availability of the lands required for said housing project, or the project would be abandoned; that the defendant Crumpler was known to the plaintiff as an experienced real estate operator who had promoted other housing projects in a successful and profitable manner, and the plaintiff agreed to assign his bid on Tract No. 35 . . . to the defendant Crumpler upon condition that said Crumpler would thereafter hold in trust and reconvey to the plaintiff so much of the west side of Tract No. 35 not required in order to obtain approval of said housing development.

"6. That thereafter the Superior Court of Alamance County on or about July 6, 1949 confirmed the sale of Tract No. 34 to the defendants Crumpler and Humphrey as the last and highest bidders therefor, and confirmed the sale of Tract No. 35 to the plaintiff as the last and highest bidder therefor and directed the Commissioners to execute and deliver deeds upon the payment of the purchase prices; that about said time the defendant Crumpler represented to the plaintiff that they could simplify the performance of the agreement between them on July 2, 1949, as hereinbefore alleged, and save the expense of additional conveyances, by

agreeing upon a temporary division of Tract No. 35 and have the Commissioners and the plaintiff join in a deed to the remaining part of Tract No. 35 to the defendants Crumpler and Humphrey, subject to the terms of their agreement and that when the defendants Crumpler and Humphrey had procured approval of their housing development by the appropriate authorities and had thereby ascertained exactly how much of the part of Tract No. 35 to which they were taking title was required for the housing development, they would promptly reconvey the remainder to the plaintiff. Relying upon the representations so made by the defendant Crumpler, acting for himself and his co-partner or co-promoter Humphrey, and relying upon the agreement heretofore made to hold in trust and reconvey to the plaintiff so much of the west side of Tract No. 35 not required in order to obtain approval of said housing development, the plaintiff agreed to said suggestion and the defendants Crumpler and Humphrey caused a line to be surveyed through Tract No. 35 dividing said tract into two parts, one containing 8.38 acres, and the other containing 9.30 acres and caused a deed to be prepared conveying the western portion of said Tract No. 35, containing 9.30 acres, by the said Commissioners to the plaintiff and his mother, and a deed from the said Commissioners and the plaintiff conveyed the remainder or eastern portion of Tract No. 35, containing 8.28 acres, to the defendants Crumpler and Humphrey (which latter deed is recorded in Book of Deeds 182 page 174 in office of Register of Deeds of Alamance County, and by reference made a part hereof). Prior to and as a condition of the delivery of said deeds, the defendants Crumpler and Humphrey represented to the plaintiff that they had not yet ascertained how much of that portion of Tract No. 35 so conveyed to them that would be required to use in obtaining approval by the appropriate authorities of their housing development and that they would hold the title to said portion of Tract No. 35, so conveyed to them, subject to the right of the plaintiff to receive a conveyance from them of all of the said tract which was not actually used by the defendants Crumpler and Humphrey, in their housing development.

"7. That plaintiff is informed and believes and so avers that the representations made by the defendants Crumpler and Humphrey to the plaintiff in certain particulars heretofore set forth and more particularly set forth in this paragraph of the complaint, were made as statements of fact, which were untrue and known to be untrue by the defendants, or else recklessly made; that they were made with the intent to deceive, and for the purpose of inducing the plaintiff to act upon them; and plaintiff did in fact rely upon them and was induced thereby to act to his injury or damage as hereinafter set forth, in that:

"(a) On July 2, 1949 the defendant Crumpler represented to the plaintiff that he, Crumpler, and his co-partner or co-promoter, . . . were

obliged to acquire approximately 8 acres of Tract No. 35 for their housing development, when the defendants Crumpler and Humphrey knew, or had reasonable grounds to believe, that only a small part of Tract No. 35 might be required for their housing development.

"(b)  On July 2, 1949 the defendant Crumpler represented to the plaintiff that it was necessary and essential for the defendant Crumpler to advise the Federal Housing Administration immediately of the availability of such part of Tract No. 35, or the project would be abandoned, when the defendant Crumpler then knew, or had reasonable grounds to believe, that the defendants Crumpler and Humphrey would not need anything like 8 acres of Tract No. 35 for said housing development.

"(c)  On or before July 20, 1949 the defendants Crumpler and Humphrey represented to the plaintiff that they had not yet ascertained how much of that portion of Tract No. 35, being conveyed to them by the deed hereinbefore referred to, they would be required to use in obtaining approval by the appropriate authorities of their housing development, when the defendants, Crumpler and Humphrey, then knew that they would not be required to have and use for said development project more than a small strip of Tract No. 35 with a width of 38.4 ft. extending the entire length of Tract No. 35 along the east side thereof and containing approximately .76 of an acre.

"8.  That on or about September 8, 1949 the defendants Crumpler and Humphrey and their respective wives, executed and delivered a deed to the defendant Brookwood Garden Apartments, Inc., conveying all of Tract No. 34 of the Hornaday Estate and said strip 38.4 ft. in width from the east side of Tract No. 35, which said deed is duly recorded in the office of the Register of Deeds for Alamance County.  Plaintiff alleges that the land so conveyed to Brookwood Garden Apartments, Inc., has been used for the housing development hereinbefore referred to and constituted all of the land required by the housing authorities for approval of said housing project; plaintiff further alleges, upon information and belief, that all of the stock issued by the defendant Brookwood Garden Apartments, Inc., is in fact and truth owned and paid for by the defendants Crumpler and Humphrey; that said individual defendants have at all times complained of dominated and controlled the actions of said corporation and that the legal entity of said corporation should be disregarded because of the matters and things herein set forth.

"9.  That sometime after September 8, 1949 the plaintiff ascertained how much of Tract No. 35 the defendants Crumpler and Humphrey had used in said housing development and had conveyed to Brookwood Garden Apartments, Inc., and thereupon the plaintiff requested the defendants Crumpler and Humphrey to reconvey the remainder of Tract No. 35 to

him in accordance with the agreement made and hereinbefore alleged. That at said time the defendants Crumpler and Humphrey promised to make such conveyance as soon as they could conveniently do so, that upon failure of the said defendants to reconvey the remainder of Tract No. 35, the plaintiff made additional request for such conveyance and advised said defendants he was ready, able and willing to pay the amount agreed to be paid for such conveyance, and finally, after several months had elapsed, the defendants Crumpler and Humphrey advised the plaintiff that they would convey the remainder of Tract No. 35 to him only upon the payment by him to them of a very large amount of money greatly in excess of the cost of said property to the defendants Crumpler and Humphrey the amount agreed upon for conveyance of such remainder to the plaintiff.

"10. That subsequent developments have more clearly demonstrated the deceit, craft, and stratagem of the defendants Crumpler and Humphrey, as practiced upon the plaintiff Lamm, in that they have now divided the said 8.28 acres of Tract No. 35 by a paved street or roadway and laid out building lots on each side thereof and have since attempted to have said property zoned for business purposes (the application being denied by the City of Burlington authorities), all in furtherance and continuation of their original design and plan to cheat and defraud the plaintiff Lamm, and secure title to said property from him by the false and fraudulent representations hereinbefore set out.

"11. The plaintiff alleges that the defendants Crumpler and Humphrey have wrongfully refused to reconvey to him the remaining portion of Tract No. 35 not required for the housing development for the reason that said defendants have determined that the part of Tract No. 35 which they have not used for their housing development has a current market value greatly in excess of the investment cost and they have attempted and are still attempting to evade their responsibility and legal obligations made with the plaintiff. Plaintiff alleges that the defendants Crumpler and Humphrey now hold title to 8.28 acres of Tract No. 35, less .76 acres heretofore conveyed by them to Brookwood Garden Apartments, Inc. . . . in trust for the plaintiff Lamm, and that the defendants Crumpler and Humphrey have no beneficial interest therein; that the plaintiff has repeatedly offered to reimburse said defendants for their investment costs in acquiring the said remaining portion of Tract No. 35 and he is ready, willing and able to pay said investment costs upon the execution and delivery to him of the proper deed of conveyance.

"12. The plaintiff alleges that under the facts and circumstances hereinbefore recited, it is unconscionable and inequitable for the defendants Crumpler and Humphrey to retain title to the land in question and to refuse to convey the same to the plaintiff, and that the plaintiff Lamm is,

therefore, entitled to have said land in question impressed with a parol trust and is entitled to have the defendants Crumpler and Humphrey specifically perform the agreement to reconvey that part of Tract No. 35 which has not been used for said housing development and has not been conveyed by said defendants to Brookwood Garden Apartments, Inc., and described as follows :" (Here follows specific description of the remaining 7.52 acres more or less.)

"13. The plaintiff is advised, informed and alleges that the lands described in the next preceding paragraph have a reasonably fair market value of $40,000.

"14. The plaintiff is informed, advised and therefore alleges that the defendants Crumpler and Humphrey, in continuation of their purpose and design to cheat the plaintiff and cement the fraud originally perpetrated by them and to circumvent and delay the plaintiff in obtaining proper relief, and to place a further cloud upon the title to that part of Tract No. 35 to which the plaintiff is entitled, have caused to be executed and delivered a deed of conveyance to the defendant, Brookwood Garden Apartments, Inc., for such property containing 7.52 acres, more or less; that the defendant, Brookwood Garden Apartments, Inc., is not and cannot be a purchaser for value and in good faith and without notice of the fraud and deceit perpetrated upon plaintiff, for that at all times herein complained of the individual defendants Crumpler and Humphrey were the owners and holders, either directly or beneficially, of the entire outstanding capital stock of Brookwood Garden Apartments, Inc., and were at all times the dominant officers and directors thereof.

(NOTE: The deed from the Commissioners and plaintiff J. C. Lamm to J. A. Crumpler and T. R. Humphrey, the defendants, by reference made a part of paragraph 6 of the complaint, recites that J. C. Lamm became the last and highest bidder for Tract 35, and that sale to him was confirmed by the court on July 6, 1949, "and the said Commissioners, parties of the first part, were authorized and directed to convey the property to J. C. Lamm or such other person as he should direct," and that he has directed the Commissioners "to convey that portion of Tract 35 herein described to J. A. Crumpler and T. R. Humphrey, and he . . . joins in this deed to confirm the transfer of the said bid to the parties of the second part and to release and quitclaim any and all interests which he has or can have in and to the said real property on account of the same having been confirmed to the said J. C. Lamm . . .")

And by further amendment, pursuant to order of court, "plaintiff states that the alleged agreement by which plaintiff is alleged to have assigned his bid on Tract No. 35 . . . to the defendant June A. Crumpler, and by which the defendants June A. Crumpler and T. R. Humphrey are alleged

to have agreed to reconvey to plaintiff all of Tract No. 35 not necessary for the housing development, was not wholly in writing."

Defendants demur to the complaint, and as it is amended, upon these grounds:

"1. That plaintiff's complaint, and complaint as amended, does not state facts sufficient to constitute a cause of action in that it appears from the face of the complaint that the facts stated are not sufficient to constitute a cause of action for the conveyance of real property or for damages for the breach of contract or for any other cause.

"2. That the cause of action attempted to be stated in the complaint and the complaint as amended purports to be founded upon an alleged fraud, and the paragraphs with reference to such fraud are as follows: (Here sub-paragraphs (a), (b) and (c) of paragraph 7 of the complaint are copied *verbatim* and are here inserted by reference.)

"3. That the said allegations attempting to set forth fraud are not sufficient in law to amount to an allegation or to allegations of fraud.

"4. For that the plaintiff endeavors to set up a parol trust based on alleged fraud and for damages resulting from fraud practiced by the defendants when in fact and in law the representations set forth do not constitute actionable fraud.

"5. That the said complaint shows upon its face that the real property asked by the plaintiff to be conveyed was in fact conveyed to the defendants Crumpler and Humphrey for a valuable consideration by the plaintiff as grantor by written deed executed and acknowledged and delivered to the said defendants by the plaintiff, and that the plaintiff is not entitled to and cannot engraft upon the said property a parol trust or any trust, and the said complaint shows upon its face as amended that the plaintiff released all prior rights of the plaintiff in the property involved in the complaint and described in the complaint and shows that the said deed was executed and delivered after the alleged agreement set forth in the complaint as plaintiff's cause of action."

When the cause came on for hearing in Superior Court at term time, the presiding judge, being of opinion that the demurrer should be overruled, entered judgment to that effect.

Defendants excepted thereto and appeal to Supreme Court and assign error.

*Cooper, Long, Latham & Cooper for plaintiff, appellee.*

*Young, Young & Gordon, Long & Ross, and Allen & Allen for defendants, appellants.*

WINBORNE, J.  Taking the facts alleged in the complaint to be true, as is done in this State when considering the sufficiency of a pleading in

a civil action to withstand the challenge of demurrer, and applying applicable principles of law, this Court is of opinion and holds that the action of the judge of Superior Court in overruling the demurrer filed by defendants was proper.

At the outset it is appropriate to say that in the light of the allegations of the complaint now before the Court, the decision in the former action of *Lamm v. Crumpler,* 233 N.C. 717, 65 S.E. 2d 336, has no bearing on the decision now made.

The former action had for its purpose the reformation of a written agreement of date 2 July, 1949. It was heard in Superior Court upon written demurrer to the complaint. But in this Court defendants interposed demurrer *ore tenus* on the ground that the contract sought to be reformed had as its purpose the suppression of bidding at a public sale. And decision of this Court rested solely on the point so made. Among the cases cited in support of the principle applied is *Owens v. Wright,* 161 N.C. 127, 76 S.E. 735.

In *Owens v. Wright, supra,* after stating that the enforcement of an agreement by which bidding at public sale is suppressed "is *contra bonos mores,* and the law will not assist either party to enforce such an agreement, the Court, quoting from opinion of *Chief Justice Marshall* in *Armstrong v. Toler,* 24 U.S. 257, said : 'A new contract founded on a new consideration, although in relation to property respecting which there has been unlawful transaction between the parties, is not of itself unlawful.' "

No such point was made in the hearing on the appeal in the former action.

However, plaintiff, in brief filed presently, invokes the principle just stated,—contending that the transactions between plaintiff and defendants reveal a second contract which is not tainted with the unlawful phase of the transaction relating to suppression of bidding at a public sale. But the complaint now before the Court does not contain the language of the contract then considered. Nor does the complaint make any reference to the former action. It merely declares that the contract is "not wholly in writing." Hence the matter of new contract is not presented in this action. "Extraneous matter *dehors* the pleading may not be considered . . . on demurrer," *Barnhill, J.,* in *Towery v. Dairy,* 237 N.C. 544, 75 S.E. 2d 534, and cases cited.

And it is provided by statute, G.S. 1-151, that "in the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed with the view to substantial justice between the parties." And decisions of this Court interpreting and applying the provisions of this statute require that every reasonable intendment must be in favor of the pleader. The pleading must be fatally defective before

it will be rejected as insufficient. See *Ins. Co. v. McCraw,* 215 N.C. 105, 1 S.E. 2d 369; *Bumgardner v. Fence Co.,* 236 N.C. 698, 74 S.E. 2d 32.

Therefore, do the facts alleged, liberally construed in favor of the pleader, constitute a cause of action for fraud? This Court holds that they do.

In this connection the essential elements of fraud, as recently restated in *Cofield v. Griffin,* 238 N.C. 377, 78 S.E. 2d 131, in opinion by *Ervin, J.,* are these: "(1) That defendant made a representation relating to some material past or existing fact; (2) that the representation was false; (3) that when he made it, defendant knew that the representation was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that defendant made the representation with intention that it should be acted upon by plaintiff; (5) that plaintiff reasonably relied upon the representation and acted upon it; and (6) that plaintiff thereby suffered injury."

Indeed, in *Roberson v. Swain,* 235 N.C. 50, 69 S.E. 2d 15, in opinion by *Valentine, J.,* we find it said that in this jurisdiction it is well established "that parol evidence may be used to show that an obligation is assumed only upon certain contingencies"; that "this is certainly true when the delivery of a paper writing is induced by fraudulent representations." And the Court, continuing, declared: "When a representation contains all the elements of fraud except that it is not a representation of an existing fact but is promissory in nature, the 'state of mind' of the promissor is material. If he made the promissory representations merely to mislead the promisee with no intent to comply with the promise, and the other elements of fraud all made to appear, such representations will support an action in fraud notwithstanding the promissory nature of the representations, for the 'state of mind' of the promissor is a subsisting fact. What his condition of mind was at the time and his intent in respect to the fulfillment of the promise presents a question for the jury."

And in the *Cofield case, supra,* it is stated that "The state of any person's mind at a given moment is as much a fact as the existence of any other thing. . . . As a consequence, it may be fraudulent to misrepresent the present intention of a third person to do a future act . . . One who fraudulently makes a misrepresentation to another that a third person intends to do or not to do a particular thing for the purpose of inducing the other to act or refrain from acting in reliance thereon in a business transaction is liable to the other for the harm caused to him by his justifiable reliance upon the misrepresentation."

In the light of these principles, and liberally construing the allegations contained in paragraphs 5, 6 and 7, culminating in 7 (c) as hereinabove related, it appears plaintiff has stated a cause of action sufficient to repel a demurrer.

On the other hand, appellants contend that plaintiff, having joined with the Commissioner in the execution of the deed to the defendants, may not engraft a parol trust in favor of himself. *Gaylord v. Gaylord,* 150 N.C. 222, 63 S.E. 1028; *Davis v. Davis,* 223 N.C. 36, 25 S.E. 2d 181; *Carlisle v. Carlisle,* 225 N.C. 462, 35 S.E. 2d 418; *Loftin v. Kornegay,* 225 N.C. 490, 35 S.E. 2d 607.

These decisions hold that a grantor, in a deed, except in cases of fraud, mistake or undue influence, will not be permitted to contradict the terms of his written deed.

It would seem, however, that the allegations of the complaint are sufficient to bring the instant case within the exception.

The defendants may answer, and issues be drawn upon the pleadings and the factual situation may be fully developed upon the trial in Superior Court. Then the court may consider the case in the light of the evidence offered. And such consideration will not be foreclosed by decision now made on the demurrer. See *Bumgardner v. Fence Co., supra; Montgomery v. Blades,* 222 N.C. 463, at page 469, 23 S.E. 2d 844; *Lewis v. Shaver,* 236 N.C. 510, 73 S.E. 2d 320, and cases therein cited.

Hence, judgment overruling the demurrer of defendants is
Affirmed.

BOBBITT, J., took no part in consideration or decision of this case.