BRYANT J. PARKER v. MILDRED S. HENSEL AND ROBERT A. HENSEL, BY HIS GUARDIAN AD LITEM, MILDRED S. HENSEL, AND ALLSTATE INSURANCE COMPANY, A CORPORATION.

(Filed 4 May, 1955.)

**1. Torts § 8a—Allegations held insufficient to allege fraud vitiating release.**

Allegations to the effect that plaintiff executed a release from liability for negligent injury upon consideration of the payment of a stipulated sum to him, plus the payment of doctor and hospital bills in a specified amount, and that unknown to plaintiff, plaintiff's accident and health insurance benefits were applied in reduction of the bills, thus leaving plaintiff without further coverage under the accident and health policy for the remainder of the policy year, without allegation that defendants had anything to do with the application of the benefits under that policy or the circumstances under which they were applied, *is held* insufficient to allege fraud vitiating the release, it appearing that the doctor and hospital bills were in the amount stipulated after the application of the benefits under the policy, and there being no allegation of loss to plaintiff resulting from want of further coverage under that policy for the remainder of the policy year.

**2. Fraud § 1—**

The essential elements of fraud are a misrepresentation of a material fact, false within the knowledge of the party making it, made with intent to deceive, which misrepresentation does in fact deceive the other party to his damage.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Patton, Special Judge,* January Term, 1955, of MECKLENBURG.

The plaintiff instituted this action on 18 March, 1954, against the original defendants, Mildred S. Hensel and Robert A. Hensel, to recover damages for personal injuries allegedly sustained by the plaintiff when the automobile of the defendant Mildred S. Hensel (actually the automobile of Allen F. Hensel), which was being driven by the defendant Robert A. Hensel (son of Allen F. and Mildred S. Hensel) on 25 September, 1953, collided with the plaintiff while he was walking across West Trade Street at the intersection of said street with Cedar Street, in the City of Charlotte.

The original defendants filed an answer to the complaint denying the material allegations therein and as a further answer and defense pleaded a release executed by the plaintiff as a bar to his cause of action, which in pertinent part reads as follows:

"THIS INDENTURE WITNESSETH that, in consideration of the sum of ONE THOUSAND AND No/100 DOLLARS, and payment of bills of Charlotte Memorial Hospital of $315.00 & Dr. F. Wayne Lee bill (of) $150.00,

receipt whereof is hereby acknowledged, for myself and for my heirs, personal representatives and assigns, I do hereby release and forever discharge ALLEN F. HENSEL and any other person, firm or corporation charged or chargeable with responsibility or liability, their heirs, representatives and assigns, from any and all claims, demands, damages, costs, expenses, loss of services, actions and causes of action, arising from any act or occurrence up to the present time and particularly on account of all personal injury, disability, property damage, loss or damages of any kind already sustained or that I may hereafter sustain in consequence of an accident that occurred on or about the 25 day of September 1953, at or near Charlotte, N. C. . . ."

The plaintiff filed a reply alleging that the purported release pleaded by the original defendants was obtained by fraud (perpetrated in the manner hereinafter set out) of the defendants acting through their agent, a claims adjuster of the original defendants' insurance carrier, and a further reply to the defendants' answer and further answer and defense.

The original defendants moved to strike all reference to their insurance carrier in the reply and all of the further reply. The motion was allowed and the plaintiff granted thirty days to file an amended reply.

Thereafter, the plaintiff obtained an *ex parte* order, entered by the Clerk of the Superior Court of Mecklenburg County, making Allstate Insurance Company a party defendant. The plaintiff then filed an amended complaint and an amended reply.

Mildred S. Hensel and Robert A. Hensel filed a demurrer to the amended complaint for that the same does not state facts sufficient to constitute a cause of action against these defendants, in that: (1) the amended complaint attempts to set up a second cause of action against these defendants and the Allstate Insurance Company, which alleged cause of action is to set aside the release described and set out in the answer of these defendants on the ground that said release was obtained by fraud of an agent of Allstate Insurance Company, who was acting as agent of these defendants; and (2) that the allegations in the amended complaint do not set forth facts which constitute actionable fraud or which if proved would permit an issue of fraud to be submitted, or which would sustain an affirmative answer to such issue. The Allstate Insurance Company likewise interposed a demurrer on similar grounds.

The defendants Mildred S. Hensel and Robert A. Hensel also moved to strike from the amended reply all allegations with respect to their insurance carrier, which allegations were substantially the same as those stricken previously and from which ruling there was no appeal.

The court below denied the motion to strike and overruled the demurrers. The defendants appeal and assign error.

*Welling & Welling for plaintiff, appellee.*
*Jones & Small for defendants, appellants.*

DENNY, J. The allegations of the plaintiff with respect to fraud and upon which he is relying in his effort to have the release executed by him set aside, are in substance as follows:

That, after long negotiations, the plaintiff agreed to accept the offer made by the claims adjuster of Allstate Insurance Company; that the offer was to pay the plaintiff $1,000 and to pay all the hospital and doctor bills incurred by the plaintiff as a result of the said accident and injuries. That after reaching the above agreement, the claims adjuster left and returned on 6 November, 1953, and represented to plaintiff that his "bill at Charlotte Memorial Hospital was $315.00 and his bill with Dr. F. Wayne Lee was $150.00." Whereupon, the release was executed and plaintiff received a draft payable to him in the sum of $1,000, and drafts in the sum of $315.00 and $150.00 were delivered to the hospital and to Dr. Lee, respectively. That the claims adjuster of the defendant Allstate Insurance Company, on 6 November, 1953, knew that the plaintiff's hospital bill was $607.11 and that Dr. Lee's bill was $190.00; that without the plaintiff's knowledge, his own insurance had been applied to his hospital bill in the sum of $292.11 and to his doctor bill in the sum of $40.00. That as a direct and proximate result of the fraudulent misrepresentations of the insurance adjuster, "the maximum benefits of the plaintiff's accident and health insurance policy were used and applied to the plaintiff's hospital and doctor bills without the plaintiff's knowledge and consent; and that the plaintiff's maximum benefits for the policy year of his accident and health insurance policy were used thereby leaving the plaintiff without accident and health coverage for the remainder of the policy year."

The circumstances under which the hospital and Dr. Lee were paid the maximum benefits available under the provisions of the plaintiff's accident and health insurance policy, are not disclosed by the plaintiff's pleadings. Neither do the pleadings disclose when such payments were made. Likewise, there is nothing in the pleadings to indicate that the claims adjuster, representing the defendants, had anything to do with the application of these benefits. It does appear from the plaintiff's pleadings, however, that after such application was made, the outstanding bills of Charlotte Memorial Hospital, incurred by the plaintiff, on 6 November, 1953, amounted to $315.00, and that the bill of Dr. Lee was $150.00. The release states explicitly that it was executed in con-

sideration of the payment of $1,000 to the plaintiff and payment of $315.00 to Charlotte Memorial Hospital and $150.00 to Dr. F. Wayne Lee. Hence, in our opinion the allegations in the amended complaint are insufficient to constitute actionable fraud.

In order to establish actionable fraud, certain essential facts must appear. These are (1) the misrepresentation of a material fact, false within the knowledge of the party making it; (2) made with the intent to deceive; and (3) which in fact does deceive the other party to his injury. McIntosh on the Law of Contracts, Synopsis, Page XXXI; *Lamm v. Crumpler,* 240 N.C. 35, 81 S.E. 2d 138; *Cofield v. Griffin,* 238 N.C. 377, 78 S.E. 2d 131; *Lillian Knitting Mills v. Earle,* 237 N.C. 97, 74 S.E. 2d 351; *Ward v. Heath,* 222 N.C. 470, 24 S.E. 2d 5.

Moreover, if it be conceded, for the purpose of argument, that the claims adjuster knowingly and falsely misrepresented the facts with respect to the bills in controversy, in order to reduce the liability of his company, what damage or injury has the plaintiff suffered? When the plaintiff's pleadings are analyzed with respect to the allegations of fraud, the injury allegedly sustained as a result of such alleged fraud is limited exclusively to the fact that the plaintiff by reason of the application of the maximum benefits under his accident and health policy to the payment of his hospital and doctor bills, was left without accident and health coverage for the remainder of the policy year. The pleadings are silent as to when the policy year ended. Furthermore, there is no allegation to the effect that as a result of the lack of such coverage the plaintiff has suffered any pecuniary loss.

In view of the conclusion we have reached, we deem it unnecessary to consider the defendants' exception to the refusal of the court below to allow their motion to strike certain allegations from the plaintiff's amended reply.

The demurrers should have been sustained and the ruling of the court below to the contrary is

Reversed.

BARNHILL, C. J., took no part in the consideration or decision of this case.