0693

Vickie James MOONEY, Appellant v. Audrey Yvonne JAMES, Ernest Rudolph James, and W. R. Matthews, Respondents.

(343 S. E. (2d) 453)

Court of Appeals

*Richard H. Warder*, Greenville, *for appellant.*

*James C. Alexander*, Greenville, *for respondents.*

Heard March 19, 1986.

Decided April 28, 1986.

SANDERS, Chief Judge:

This is an action to set aside a deed on the ground of fraud. Appellant Vickie James Mooney appeals from an order of the Circuit Court granting summary judgment to respondents Audrey Yvonne James, Ernest Rudolph James and W. R. Matthews. We reverse and remand.

Ms. Mooney, Ms. James and Mr. James signed a deed transferring their interest in a piece of real property to W. R. Matthews. Ms. Mooney brought this action to set aside the deed alleging that at the time it was signed she did not know the legal import of her actions because the true nature of the deed was "misrepresented by fraud of the Defendants Ernest Rudolph James and W. R. Matthews."

The Circuit Court granted summary judgment to Mr. James and Mr. Matthews on the ground that any evidence

offered by Ms. Mooney would be inadmissible to prove the true nature of the deed had been misrepresented to her at the time of the signing.

"[O]ne of the most valuable safeguards thrown ██ around a deed is that parol evidence is not admissible to vary or contradict the terms of a written contract, and this applies in all its strictness to actions involving deeds." *Scott v. Scott*, 216 S. C. 280, 293, 57 S. E. (2d) 470, 476 (1950). However, extrinsic evidence is admissible to prove fraud. *See Bradley v. Hullander*, 272 S. C. 6, 32, 249 S. E. (2d) 486, 499 (1978) ("[P]arol evidence is generally admissible to show fraud."); *S. W. Gray Cotton Mills v. Spartanburg County Mills*, 139 S. C. 223, 137 S. E. 684 (1927) (where fraud is alleged in obtaining a deed, parol evidence is admissible); *Continental Jewelry Co. v. Kerhulas*, 136 S. C. 496, 134 S. E. 505 (1926) (testimony in support of allegations of fraud in the procurement of a written instrument is admissible); *Smith v. Merck*, 206 Ga. 361, 57 S. E. (2d) 326 (1950) (while terms of absolute deed cannot be varied by limiting grantee to use of land in a manner not restricted by express terms of deed, it may nevertheless be alleged and proved that deed was induced by fraud, without denying or varying any terms of deed); *Johnson v. Sherrer*, 197 Ga. 392, 29 S. E. (2d) 581 (1944) (parol evidence is admissible to show what appears to be an absolute deed is void on account of fraud in its procurement); *cf. Ray v. South Carolina National Bank*, 281 S. C. 170, 314 S. E. (2d) 359 (Ct. App. 1984) (where terms of written instrument are unambiguous, clear and explicit, extrinsic evidence is inadmissible to contradict, vary or explain its terms, in absence of fraud in its procurement); *Lamm v. Crumpler*, 240 N. C. 35, 81 S. E. (2d) 138 (1954) (a deed may be contradicted by parol evidence in cases of fraud, mistake or undue influence).

For this reason, we hold that extrinsic evidence is admissible to prove the fraud alleged by Ms. Mooney in her complaint.

Accordingly, the order of the Circuit Court is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

GARDNER and BELL, JJ., concur.