## D. J. BREECE v. THE STANDARD OIL COMPANY OF NEW JERSEY, INC.

(Filed 26 February, 1936.)

1. **Contracts F c—Judgment on the pleadings on unambiguous contract is error when pleadings allege that the contract was procured by fraud.**

     Where a contract is not ambiguous, and it appears from the pleadings and admissions of counsel that plaintiff is not entitled to recover under its terms, the construction of the contract is for the court, and the court may ordinarily give judgment on the pleadings in defendant's favor, but where plaintiff alleges that his signature to that part of the agreement defeating recovery was procured by the false and fraudulent representations of defendant, and sufficiently alleges each of the elements of fraud, judgment on the pleadings in defendant's favor is error, plaintiff being entitled to sustain with evidence, if he can, the fraud as a ground for rescission of the agreement.

2. **Cancellation and Rescission of Instruments A b—Pleading held to sufficiently allege fraud as ground for rescission of contract.**

     Plaintiff brought suit to recover rents for a filling station subleased to defendant oil company. The oil company set up in its answer a supplemental agreement between the parties, which provided that defendant should not be liable for any further rents until a certain amount of gasoline had been sold at the station, and it was admitted that the stipulated amount of gasoline had not been sold. Plaintiff alleged that his signature to the supplemental agreement was procured by the false and fraudulent representation by defendant that the agreement was not intended as a waiver of plaintiff's right to collect rents from defendant as they accrued, that the representation was made with knowledge and intent that plaintiff should rely thereon, that plaintiff did rely thereon to his damage. *Held:* Plaintiff sufficiently alleged fraud in the procurement of the supplemental agreement, entitling him to the relief of rescission if he can establish the allegations by evidence.

APPEAL by plaintiff from *Frizzelle, J.*, at September Term, 1935, of CUMBERLAND. Reversed.

This action is over certain agreements, the last one only we think necessary to set forth to show the material aspect of the controversy:

"SUPPLEMENTAL AGREEMENT OF D. J. BREECE AND C. H. FARRELL.

"Standard Oil Company of New Jersey,
Charlotte, North Carolina.

"GENTLEMEN:

"We, the undersigned D. J. Breece, owner and lessor of the certain piece of property located in the city of Fayetteville, known as the 'Person Street Filling Station,' and C. H. Farrell, the lessee of the said service station, hereby acknowledge payment from the Standard Oil Company of rent in advance on the said Person Street Filling Station in the sum of $1,500, to be applied to the basis of 1c per gallon on the gasoline and other motor fuel sold through the said station from the date that certain sub-lease from C. H. Farrell to Standard Oil Company of New Jersey, dated February 27, 1931, becomes effective until 150,000 gallons have been sold. Or otherwise refunded.

"It is further understood and agreed that the rights of the Standard Oil Company of New Jersey under the sub-lease given it by Mr. C. H. Farrell shall not be in any way annulled or abrogated until there has been sold through this service station 150,000 gallons of 'Standard Gasoline and Esso,' and that no additional rental will be required of the Standard Oil Company of New Jersey by either Mr. C. H. Farrell or Mr. D. J. Breece, until after the sale of the 150,000 gallons of 'Standard Gasoline and Esso' through the station. Or otherwise refunded.

"H. T. SAWYER,                                  C. H. FARRELL,
H. T. SAWYER,                                  D. J. BREECE."

(Duly acknowledged before a notary public, 15 June, 1932, and recorded.)

The plaintiff, by way of reply to defendant's setting up the above supplemental agreement of D. J. Breece and C. H. Farrell as a waiver or estoppel, alleges: "That it is denied by this plaintiff that under the terms of the written instrument, set out in paragraph 5 of the defendant's answer, that this plaintiff waived his right to collect the rents accruing to him under the terms of the lease from C. H. Farrell, either from the said C. H. Farrell or the Standard Oil Company, but if, upon a proper interpretation and construction of said paper writing it should be determined that this plaintiff had waived his rights under said paper writing to collect said rents from the Standard Oil Company, this plaintiff avers and alleges that his signature was obtained to said instrument by the false and fraudulent statements of the defendant, which statements were known by said defendant at the time they were made to be

false and fraudulent, and were made for the purpose of deceiving this plaintiff, which statements did actually deceive this plaintiff and cause him to place his signature to said paper writing, the plaintiff relying upon the statements made to him by the said H. T. Sawyer, at the time he signed said paper writing, to the effect that it was not intended as a waiver to his rights to collect the rents as they accrued to him from the Standard Oil Company in case the Standard Oil Company should assume the operation of said service station, and the said defendant is now attempting, after false and fraudulent procuring his signature to said paper writing, to use the same to deprive this plaintiff of the rents accruing to him under his lease."

The judgment of the court below is as follows: "This cause coming on to be heard at this term of the court, before the undersigned judge and jury, and after the pleadings were read, and upon admission of the counsel for the plaintiff that the defendant Standard Oil Company of New Jersey had not sold more than one hundred and fifty thousand (150,000) gallons of gasoline, as set out in the contract or receipt, registered in Book 17, at page 387, registry of Cumberland County, and referred to in the pleadings; and the defendant, through its counsel, having moved for judgment upon the pleadings; and the court being of the opinion, after argument of the counsel and upon admissions of the plaintiff, that the motion should be sustained. It is, thereupon, ordered, adjudged, and decreed that the plaintiff recover nothing on the cause of action alleged in the complaint, and that the defendant recover its costs, to be taxed by the clerk. J. Paul Frizzelle, Judge presiding."

The plaintiff made the following exceptions and assignments of error, and appealed to the Supreme Court: "(1) That the court erred in allowing defendant's motion for judgment upon the pleadings and admission as shown by plaintiff's exception. (2) That the court erred in refusing to submit the issues tendered by the plaintiff and in refusing to allow plaintiff to offer evidence in support of the issues as shown by plaintiff's exception. (3) That the court erred in signing judgment upon the pleadings and admission, as shown by plaintiff's exception."

*Downing & Downing for plaintiff.*
*Rose & Lyon and Varser, McIntyre & Henry for defendant.*

CLARKSON, J. The only question involved in this controversy is: Did the court below err in allowing the defendant's motion for judgment upon the pleadings and the signing of the judgment as set out in the record? We think so.

The plaintiff sets up actionable fraud or deceit to rescind the "Supplemental Agreement of D. J. Breece and C. H. Farrell." The allegations of plaintiff in this respect fully comply with the rule as to the necessary

averments or ingredients of fraud to rescind a contract. *Corley Co. v. Griggs,* 192 N. C., 171; *Stone v. Doctors' Lake Milling Co.,* 192 N. C., 585.

In *Belk's Dept. Store v. Ins. Co.,* 208 N. C., 267 (270), is the following: "It is well settled that where the contract is not ambiguous, the construction is a matter of law for the courts to determine. Courts will generally adopt a party's construction of a contract. Attendant circumstances, party's relations and object in view should be considered, if necessary, in interpreting a written contract. Neither court nor jury may disregard a contract expressed in plain and unambiguous language. The court's province is to construe, not make contracts for parties, and courts cannot relieve a party from a contract because it is a hard one. An agent can, under certain circumstances, contract for the principal."

We see no ambiguity in the supplemental agreement. The language is plain and clear. The only relief is actionable fraud or deceit to rescind it, which is made in plaintiff's reply. The allegations in plaintiff's reply setting forth the fraud is well pleaded. Whether on a trial it can be substantiated is another question.

In *Colt v. Kimball,* 190 N. C., 169 (172-3), written by *Varser, J.,* in an able opinion, we find: "It is defendant's duty to read the contract, or have it read to him, and his failure to do so, in the absence of fraud, is negligence, for which the law affords no redress. The defendant's duty to read or have read to him the contract is a positive duty of which he is not relieved, except in cases of fraud (citing numerous authorities). Therefore, it was error to admit the evidence over plaintiff's objection. *Farquhar Co. v. Hardware Co.,* 174 N. C., 369; *Moffitt v. Maness,* 102 N. C., 457; *Murray Co. v. Broadway,* 176 N. C., 151. This principle lies at the very foundation of all contracts. Its violation, if permitted by the courts, would strike down one of the safeguards of commercial dealing. The resultant injury would be far reaching. The integrity of contracts demands its universal enforcement. *Potato Co. v. Jenette,* 172 N. C., 3. Defendant's testimony shows that he is a man of education and prominence, accustomed to the transaction of business, and of much experience, with more than an average education; who has served on the board of education for Vance County for many years. It was his duty, unless fraudulently prevented therefrom, to read the contract, or, in case he was not able to read the fine print without stronger glasses, to have it read to him. This rule does not tend to impeach that valuable principle which commands us to treat each other as of good character, but rather enforces along with it, the salutary principle that each one must 'mind his own business' and exercise due diligence to know what he is doing." This matter is further discussed, citing authorities, in *Oil and Grease Co. v. Averett,* 192 N. C., 465; *Oliver .v. Hecht,* 207 N. C., 481.

In *Dorrity v. Building & Loan Assn.,* 204 N. C., 698 (701), the negligence that would bar a recovery is thus stated: "(1) Where the person signing the agreement was illiterate or otherwise incapable of understanding the writing; (2) where there is positive misrepresentation of contents of the paper writing of such type and character as to deceive a person of ordinary prudence and the person signing such agreement reasonably relied upon such misrepresentation; (3) where the party procuring the signature resorted to some device, scheme, subterfuge, trick, or other means of preventing or interfering with the reading of the paper or reasonably tending to throw a person of ordinary prudence off guard." *Dallas v. Wagner,* 204 N. C., 517; *Mitchell v. Strickland,* 207 N. C., 141; *Bank v. Dardine,* 207 N. C., 509.

We think, on the allegations of plaintiff in his reply setting up fraud, his exceptions and assignments of error are well taken.

For the reasons given, the judgment is

Reversed.