ULYSES WHITAKER AND WIFE, RITA E. WHITAKER v.
J. G. WOOD AND WIFE, CLARICE N. WOOD.

(Filed 11 January 1963.)

1. Fraud § 11—

  In this action to recover the difference in value of the land as conveyed and its value if it had been as represented, based upon misrepresentation as to the amount of tobacco allotment which would be transferred with the land, the evidence *is held* sufficient to overrule nonsuit.

2. Fraud § 5—

  Evidence that plaintiff knew nothing of the details of the tobacco allotment program, that the male defendant stated his lands had a tobacco

allotment in a large amount and that an allotment in a specified amount would be transferred with the part of the land plaintiffs were buying, *held* to raise a question for the jury as to whether plaintiffs reasonably relied upon such representation without making inquiry in the ASC office as to whether defendant could legally transfer the amount of tobacco allotment represented.

APPEAL by plaintiffs from *Crissman, J.,* July Term 1962 of SURRY.

Plaintiff's action is to recover damages on account of alleged false and fraudulent representations with reference to the tobacco allotment on land sold by defendants to plaintiffs.

On or about November 4, 1957, plaintiffs agreed to purchase from defendants a farm in Surry County consisting of two (contiguous) tracts, namely, the Marvin Whitaker tract of 103.65 acres and the Syon Wood tract of 50.1 acres, at the price of $12,000.00. Later in November, 1957, defendants conveyed the land to plaintiffs; and, as agreed, plaintiffs paid $1,000.00 cash and executed (secured) balance purchase price notes aggregating $11,000.00.

Plaintiffs alleged defendants represented and guaranteed "that said two tracts of land which made up the tobacco farm had four (4) acres of tobacco allotment and that the four (4) acre tobacco allotment went with the farm, was on the farm, and would be transferred with the land as a specific part of the consideration for the purchase price of $12,000.00"; that plaintiffs were induced to purchase said farm by reason of defendants' said representations; that in fact, as plaintiffs were advised in the Spring of 1958, the tobacco allotment on the farm was 1.67 acres instead of 4 acres and the reasonable market value of the farm was $4,660.00 less because the tobacco allotment was 2.33 acres less than represented by defendants; and that defendants' said representations were false, made with knowledge of their falsity, made with intent to deceive and did deceive plaintiffs and were reasonably relied upon by plaintiffs in their purchase of said farm.

Answering, defendants admitted the sale and conveyance of the land described in deed dated November 5, 1957, by J. G. Wood and wife, Clarice N. Wood, to Ulyses Whitaker and wife, Rita E. Whitaker, upon the terms alleged by plaintiffs; and that the ASC Office of Surry County allotted to this land for 1958 a tobacco acreage of 1.67 acres. Except as stated, defendants denied all essential allegations of the amended complaint; and thereafter defendants alleged, separately stated, five further answers and defenses.

At the conclusion of plaintiffs' evidence, the court, allowing defendants' motion therefor, entered judgment of involuntary nonsuit and dismissed the action.

Plaintiffs excepted and appealed.

*Blalock & Swanson and C. Orville Light for plaintiff appellants.*
*Barber & Gardner for defendant appellees.*

BOBBITT, J.   The essential elements of actionable fraud are well established and need not be restated. See *Cofield v. Griffin*, 238 N.C. 377, 78 S.E. 2d 131; *Roberson v. Williams*, 240 N.C. 696, 83 S.E. 2d 811; *Keith v. Wilder*, 241 N.C. 672, 86 S.E. 2d 444.

Since there must be a new trial, we refrain from a discussion of the evidence presently before us. *Tucker v. Moorefield*, 250 N.C. 340, 342, 108 S.E. 2d 637, and cases cited. Suffice to say, this Court is of opinion that, applying the principles of law stated in the cited (*Cofield, Roberson* and *Keith*) cases, the evidence, particularly the testimony of *feme* plaintiff, when considered in the light most favorable to plaintiffs, was sufficient to require submission of the case to the jury.

Citing *Calloway v. Wyatt*, 246 N.C. 129, 97 S.E. 2d 881, defendants contend, assuming they made positive representations as alleged, the action is barred because of plaintiffs' negligent failure to make inquiry at the ASC Office of Surry County as to whether defendants, incident to the conveyance of the farm for which plaintiffs were negotiating, could legally transfer to plaintiffs a tobacco allotment of four acres. According to their testimony, plaintiffs knew nothing of the details of the tobacco allotment program. *Feme* plaintiff testified defendant J. G. Wood told her he had altogether, with his other farms, a tobacco allotment of "around 17 acres"; that his tobacco allotment was not subdivided but was under one farm program; that "he would take four acres out and let it go with this farm"; and that "(h)e kept insisting and telling (her) that on both occasions that (she) met him at the farm, and at the office." In view of this and other testimony, we are of opinion and hold that whether plaintiffs reasonably relied upon defendants' representations was a question for jury determination.

Although inferences may be drawn from the evidence sufficient to support a finding that *feme* defendant owned some interest in the land conveyed, what interest, if any, was owned by *feme* defendant does not clearly appear. The evidence presently before us, while it tends to show she was present when certain representations were made by her husband, fails to show any of the alleged representations were made by her. Hence, at the next trial it is appropriate that evidence as to what interest in the land, if any, was owned by *feme* defendant be fully and clearly developed.

The judgment of involuntary nonsuit is reversed.

Reversed.