VERNON F. HOWELL v. DONALD RAY WATERS

No. 872SC1043

(Filed 19 April 1988)

**Cancellation and Rescission of Instruments § 10.1— reformation of deed—insufficient evidence of fraud**

In an action to rescind or reform a deed on the grounds of fraud or mistake, the trial court did not commit reversible error by failing to submit requested issues of fraud to the jury since the jury's answers to the issues which were submitted established that plaintiff's fraud claim had no basis in that the jury found that defendant neither knew of nor caused plaintiff's mistaken belief as to the tract boundaries, and plaintiff's reliance upon the agent's representations was not reasonable.

APPEAL by plaintiff from *Lewis, John B., Jr., Judge.* Judgment entered 7 July 1987 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 5 April 1988.

*Pritchett, Cooke & Burch, by Stephen R. Burch and W. W. Pritchett, Jr., for plaintiff appellant.*

*John A. Wilkinson for defendant appellee.*

PHILLIPS, Judge.

In January, 1979 defendant deeded approximately 480 acres of Beaufort County land to plaintiff. Based upon allegations that the boundaries of the tract are not as defendant's agent represented them to be plaintiff seeks to rescind or reform the deed on the grounds of fraud or mistake; not mutual mistake, though, but his unilateral mistake caused or known about by the seller, as laid down in this case when it was here before. *Howell v. Waters*, 82 N.C. App. 481, 347 S.E. 2d 65 (1986), *disc. rev. denied*, 318 N.C. 694, 351 S.E. 2d 747 (1987); Restatement (Second) of Contracts Sec. 153 (1981). Upon the case being retried after the first appeal the jury rendered verdict against plaintiff and judgment was entered thereon.

In appealing plaintiff makes only one contention—that the court committed reversible error in failing to submit "issues on fraud to the jury" as he requested. Assuming *arguendo* that it was error not to submit plaintiff's requested fraud issues plaintiff could not have been prejudiced thereby because the jury's an-

swers to the issues that were submitted establish that plaintiff's fraud claim has no basis. For in answering the issues the jury found, *inter alia*, that (1) defendant neither knew of nor caused plaintiff's mistaken belief as to the tract boundaries; and (2) plaintiff's reliance upon the agent's representations was not reasonable. These findings were fatal to plaintiff's fraud claim for reasons that the law of that subject make self-evident. *See Lamm v. Crumpler*, 240 N.C. 35, 81 S.E. 2d 138 (1954); 37 C.J.S. *Fraud* Sec. 3 (1943). Since the issues submitted were comprehensive enough to resolve the fraud claim additional issues on that claim were not required. *Johnson v. Lamb*, 273 N.C. 701, 161 S.E. 2d 131 (1968).

No error.

Chief Judge HEDRICK and Judge EAGLES concur.