BARBARA TERRY RAMSEY, Plaintiff v. KEEVER'S USED CARS and MORGAN MOTORS, INC., Defendants

No. 8814SC310

(Filed 6 December 1988)

1. **Fraud § 12— sale of used car—no misrepresentation by seller—no knowledge of accident history by seller—summary judgment for seller proper**

    In an action for fraud in the sale of a used car, the trial court properly entered summary judgment for defendant where defendant came forth with substantial evidence that it made no misrepresentation regarding the prior accident and repair history of the car in question and that it had no knowledge of the vehicle's prior history, but plaintiff presented no evidence, by affidavit or otherwise, that defendant knew or should have known such history.

2. **Unfair Competition § 1— sale of used car—no knowledge of accident history by seller—no obligation to conduct title search—no unfair or deceptive trade practice**

    Plaintiff could not prevail on her claim for unfair or deceptive trade practices in the sale of a used car where she did not allege, and the evidence did not show, that defendant knew the vehicle in question had previously been declared a total loss and rebuilt, and defendant's failure to conduct a complete title search of the vehicle and to apprise plaintiff of the results did not constitute an unfair trade practice. N.C.G.S. § 75-1.1.

3. **Rules of Civil Procedure § 56— summary judgment entered before discovery—no error**

    There was no merit to plaintiff's contention that she was prejudiced by the trial court's ruling on defendant's motion for summary judgment before she obtained service of process on the other defendant or served discovery on either defendant, since plaintiff had ample time to conduct discovery with defendant but failed to do so, and plaintiff failed to demonstrate that her inability to serve one defendant was excusable or that it prejudiced her case against the other defendant.

APPEAL by plaintiff from *Barnette, Henry V., Jr., Judge.* Order filed 4 November 1987 in Superior Court, DURHAM County. Heard in the Court of Appeals 24 October 1988.

*Fisher & Constantinou, by C. Douglas Fisher, for plaintiff-appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Patricia L. Holland, for defendant-appellee Morgan Motors, Inc.*

JOHNSON, Judge.

Plaintiff instituted this civil action against defendants Morgan Motors, Inc. (Morgan Motors) and Keever's Used Cars on 28 July 1987. Her complaint alleged that she is entitled to damages arising out of her purchase of a used 1984 Chevrolet Camaro automobile from Morgan Motors on 15 October 1985, pursuant to theories of common law fraud, or in the alternative, unfair and deceptive trade practices. Summons was issued for defendant Morgan Motors on 28 July 1987 and subsequently served. Plaintiff has been unsuccessful in either locating or serving defendant Keever's Used Cars. Keever's Used Cars accordingly is not a party to this appeal.

On 28 September 1987 Morgan Motors filed its answer and moved to dismiss pursuant to G.S. sec. 1A-1, Rule 12(b)(6). On the same date Morgan Motors moved for summary judgment, pursuant to G.S. sec. 1A-1, Rule 56, and supported that motion with affidavits from two of its employees, one of whom was involved in Morgan Motors' purchase of the automobile in question, and the other in its subsequent sale to plaintiff. Morgan Motors also served plaintiff with notice of a hearing on its motions, which was scheduled for 2 November 1987 in Durham County Superior Court. At that hearing, the trial judge granted Morgan Motors' motion for summary judgment and dismissed plaintiff's complaint with prejudice in an order filed 4 November 1987. On 16 November 1987, plaintiff filed notice of appeal.

After purchasing the 1984 Chevrolet Camaro from Morgan Motors on 15 October 1985, plaintiff immediately experienced mechanical difficulties with various parts of the vehicle and frequently had to return it to Morgan Motors for repair. Because of all the problems she encountered, plaintiff obtained a history of the Camaro (Plaintiff's Exhibit A) from the North Carolina Division of Motor Vehicles. The agency's letter indicated that the vehicle was first purchased new by a party in Charlotte, North Carolina on 29 June 1984. Title was assigned to Aetna Insurance

Company on 9 April 1985 after the total loss of the vehicle, and Aetna obtained a salvage certificate of title. On 3 May 1985 Aetna sold the vehicle to Shuford Salvage & Disposal which in turn sold it to codefendant Keever's Used Cars in Lincolnton, North Carolina on 20 May 1985.

Exhibits and affidavits attached to defendant Morgan Motors' responsive pleadings indicated that Keever's Used Cars repaired the Camaro, and sold it to Morgan Motors at the High Point Auto Auction on 8 October 1985. Morgan Motors received a clean title with no "R" designation. An "R" indicates that a vehicle has been rebuilt or reconstructed. This designation is issued only when repair costs exceed 35% of the average wholesale value of a vehicle.

Plaintiff argues that the trial court erred in granting Morgan Motors' motion for summary judgment. We do not agree and therefore we affirm the order of the trial court.

In ruling upon a motion for summary judgment a trial court must determine whether, on the basis of the materials properly before it, there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. *Barbour v. Little*, 37 N.C. App. 686, 247 S.E. 2d 252, *disc. rev. denied*, 295 N.C. 733, 248 S.E. 2d 862 (1978). The burden is on the movant to establish clearly the lack of any genuine issue of material fact. *Seay v. Allstate Insurance Co.*, 59 N.C. App. 220, 296 S.E. 2d 30 (1982). If the movant satisfies this burden and presents evidence which, if considered alone, would entitle him to judgment as a matter of law, then the burden shifts to the nonmoving party to present a forecast of the evidence which shows a triable issue of fact and which supports his claim to relief. *Cone v. Cone*, 50 N.C. App. 343, 274 S.E. 2d 341, *disc. rev. denied*, 302 N.C. 629, 280 S.E. 2d 440 (1981) (citations omitted). The nonmovant may not rely on the mere allegations of his pleadings. *Cockerham v. Ward*, 44 N.C. App. 615, 262 S.E. 2d 651, *disc. rev. denied*, 300 N.C. 195, 269 S.E. 2d 622 (1980).

The elements essential for an action based on fraud are the following:

(1) material misrepresentation of a past or existing fact;

(2) the representation must be definite and specific;

(3) made with knowledge of its falsity or in culpable ignorance of its truth;

(4) that the misrepresentation was made with intention that it should be acted upon;

(5) that the recipient of the misrepresentation reasonably relied upon it and acted upon it; and

(6) that there resulted in damage to the injured party.

*Rosenthal v. Perkins*, 42 N.C. App. 449, 451-52, 257 S.E. 2d 63, 65 (1979) (citations omitted).

In order for Morgan Motors to prevail as a matter of law, it need not negate every element of fraud. If defendant effectively refutes even one element, summary judgment is proper. *Russo v. Mountain High, Inc.*, 38 N.C. App. 159, 247 S.E. 2d 654 (1978).

[1] In attempting to show that plaintiff cannot make out a case for fraud, Morgan Motors first asserts that it made no misrepresentation regarding the prior history of the Camaro and that its salesman who dealt with plaintiff so swears in his affidavit. Morgan Motors further states that this is an undisputed fact since plaintiff does not claim in her complaint or elsewhere that defendant made any statement about the vehicle's prior accident. This is not a complete defense to this element since it is well-established that *concealment* of a material fact known to the seller and not known to the buyer may constitute a misrepresentation. *Ragsdale v. Kennedy*, 286 N.C. 130, 209 S.E. 2d 494 (1974). However, defendant could not, of course, be liable for concealing a fact of which it was unaware.

On this issue of whether defendant knew or had reason to know that the Camaro automobile had previously been declared a total loss, defendant presents evidence which, if considered alone, would entitle *it to judgment as a matter of law*. First, Morgan Motors presents the affidavits of its two employees who state that they had no knowledge that the vehicle was previously involved in an accident. It also introduces the title it received from Keever's Used Cars which contains no "R" designation. Further, defendant's bill of sale from the High Point Auto Auction has no indication that the vehicle had been rebuilt. Morgan Motors' employees also attest that it is not common practice for used

vehicle dealers to conduct a title search of automobiles they purchase.

After Morgan Motors has come forth with substantial evidence that it had no knowledge of the Camaro's accident history, the burden shifts to plaintiff to prove that defendant knew or had reason to know the vehicle's history. However, plaintiff presents absolutely no evidence, by affidavit or otherwise, that defendant knew or should have known the history, and has not even forecast that she could produce such evidence at trial. Plaintiff also does not even allege in her complaint that defendant knew or should have known of the history. We must therefore hold that there is no genuine issue regarding Morgan Motors' knowledge and that summary judgment was correct as to the charge of fraud.

Plaintiff argues that there is a discrepancy between her bill of sale and the affidavit of the salesman she dealt with, and that this discrepancy casts doubt on the affiant's motives, making summary judgment inappropriate. We do not believe there is a conflict, but assuming that there is, it is not material to plaintiff's cause of action.

[2] We turn now to plaintiff's unfair or deceptive trade practices claim. Our Supreme Court has held that a plaintiff need not show fraud, bad faith, or actual deception to prevail on a G.S. sec. 75-1.1 claim. However, a plaintiff must show that defendant's acts possessed the tendency or capacity to mislead, or created the likelihood of deception. *Marshall v. Miller*, 302 N.C. 539, 276 S.E. 2d 397 (1981). The Court in *Marshall* also stated that whether a trade practice violates G.S. sec. 75-1.1 depends on the facts of each case and the impact that the practice has in the marketplace.

Plaintiff does not allege, nor does the evidence show, that Morgan Motors knew the vehicle in question had previously been declared a total loss and rebuilt. Therefore, the issue becomes whether defendant's failure to conduct a complete title search of the vehicle and to apprise plaintiff of the results constitutes an unfair trade practice. This is an unrealistic burden to place on a seller. We believe that defendant's dealings with plaintiff were in line with common practice in the used vehicle industry, do not offend established public policy, and were not unfair or deceptive to plaintiff.

**[3]**  Lastly, plaintiff argues that she was prejudiced by the trial court's ruling on defendant's motion for summary judgment before she obtained service of process on defendant Keever's Used Cars or served discovery on either defendant. We believe this argument is without merit.

"Counsel are required to begin promptly such discovery proceedings as should be utilized in each case, and are authorized to begin even before the pleadings are completed." Rule 8, General Rules of Practice for the Superior and District Courts, effective 1 July 1970. Plaintiff filed her complaint on 28 July 1987. She did not serve Morgan Motors with discovery at that time or in the sixty days which elapsed before defendant Morgan Motors filed its answer. Plaintiff also did not pursue discovery during the thirty-five day period between Morgan Motors' motion for summary judgment and the hearing set for that motion. Further, the record does not reflect that plaintiff moved for a continuance at the hearing. Plaintiff had ample time to conduct discovery with Morgan Motors and failed to do so.

It is unfortunate for plaintiff that she has been unable to locate or serve defendant Keever's Used Cars. However, plaintiff has failed to demonstrate that her inability to serve Keever's was excusable, or that it prejudiced her case against Morgan Motors and constitutes grounds for reversing the summary judgment as to Morgan Motors.

For the reasons stated, the order of the trial court granting summary judgment for defendant Morgan Motors is

Affirmed.

Chief Judge HEDRICK and Judge PARKER concur.