ROBERT TAYLOR AND SERINA A. TAYLOR, Plaintiffs v. L.R. GORE, NELSON SOLES, SOLES AND WALKER, P.A., BAY CIRCLE REALTY, AND WILMA MURPHY, Defendants

No. COA03-219

(Filed 18 November 2003)

**1. Agency— real estate seller—liable for agent's acts**

A real estate seller was liable as the principal for the actions of the agent, even though the claims arose from the delivery of a survey to plaintiffs.

**2. Fraud— real estate sale—fraudulent misrepresentation— negligent misrepresentation—summary judgment**

Summary judgment was properly granted for defendant seller and defendant real estate agent on a fraudulent misrepresenta-

TAYLOR v. GORE

[161 N.C. App. 300 (2003)]

tion claim arising from a real estate sale based upon defendants' representation to the buyers that none of the property was in a flood zone where defendants' affidavits that they did not know the property was in a flood zone negated the element of intent to deceive, and plaintiffs did not produce conflicting evidence. Furthermore, summary judgment was also properly entered for defendants on plaintiffs' negligent misrepresentation claim where defendants' affidavits showed that they relied upon a survey of the property which stated that the property was not in a flood zone.

### 3. Contracts— real property sales—mistake of fact—flood zone

The trial court incorrectly granted defendant Gore's motion for summary judgment on a mistake of fact claim rising from the sale of land in a flood zone. Plaintiff's allegation of mistake of fact based on the representations of the seller and his agents was sufficient to state a claim, and there were genuine issues of material fact such as whether the mistake was unilateral or mutual and whether it affected the essence of the contract.

Appeal by plaintiffs from orders entered 16 September 2002 and 17 September 2002 by Judge Wiley F. Bowen in Columbus County Superior Court. Heard in the Court of Appeals 9 October 2003.

*Jeffcoat, Pike & Nappier, L.L.C., by Joel T. Gibson, III, for plaintiffs-appellants.*

*Hedrick & Morton, L.L.P., by B. Danforth Morton, for defendants-appellees Bay Circle Realty and Wilma Murphy.*

*William E. Wood, for defendant-appellee L.R. Gore.*

CALABRIA, Judge.

Robert Taylor and Serina A. Taylor ("plaintiffs") appeal the 16 and 17 September 2002 orders granting summary judgment for defendants Bay Circle Realty, Wilma Murphy ("Murphy") and L.R. Gore ("Gore") (collectively "defendants"). Plaintiffs assert defendants failed to show there is no genuine issue of material fact, and therefore the trial court erred in granting their motions for summary judgment. We affirm the summary judgment for defendants Bay Circle Realty and Murphy, and reverse as to defendant Gore.

In April 1999, plaintiffs purchased a 15.26 acre plot of land from Gore. Murphy, on behalf of Bay Circle Realty, served as Gore's real

estate agent. Prior to the sale, Murphy gave plaintiffs a survey of the property that stated "SUBJECT PROPERTY IS NOT IN A FEDERAL (HUD) DESIGNATED FLOOD HAZARD AREA." In July 2001, plaintiffs sought to develop the land and discovered it was not suitable because a portion of the property was, in fact, located in a flood zone.

In February 2002, plaintiffs filed suit against defendants. Plaintiffs alleged the contract was based on a mistake of fact that the property was not located in a flood zone, and since this mistake is substantial and affects the essence of the contract, the contract should be rescinded. Plaintiffs further alleged defendants Murphy and Bay Circle Realty breached their duty to communicate truthful information by providing plaintiffs with an incorrect survey indicating the property was not in a flood zone, and by failing to advise plaintiffs to acquire their own survey because of the hazards of relying on any survey supplied by a seller. Finally, plaintiffs alleged defendants failed to disclose that the property was in a flood zone and misrepresented that it was not in a flood zone.[1]

Defendants moved for, and obtained, summary judgment by relying on affidavits of Murphy and Gore stating that prior to the sale they did not know, nor was it suggested, that the property was in a flood zone, and had they known they would have communicated the information to plaintiffs. Plaintiffs moved to set aside the judgment, which the court denied. Plaintiffs appeal asserting defendants were not entitled to summary judgment because lack of actual knowledge does not establish a lack of a genuine issue of material fact for either the misrepresentation claims or the mutual mistake claim.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001). The evidence is considered in the light most favorable to the non-moving party, and the moving party bears the burden of establishing no triable issue of material fact remains. *Bunn Lake Prop. Owner's Ass'n, Inc. v. Setzer,* 149 N.C. App. 289, 295, 560 S.E.2d 576, 580 (2002).

---

1. Plaintiffs' claims against surveyors, defendants Nelson R. Soles and Soles and Walker, P.A., for breach of duty of care were voluntarily dismissed without prejudice on 2 December 2002.

## I. Misrepresentation Claims

[1] First, we note that Gore, as Murphy's principal, is liable for Murphy's actions. *MacKay v. McIntosh*, 270 N.C. 69, 72-73, 153 S.E.2d 800, 803 (1967) (" '[a principal] is bound by the agent's material representations of fact to the same extent as if he had made them himself.' "). Accordingly, although the claims stem from Murphy's delivery of the survey to plaintiffs, Gore is liable for Murphy's actions and representations. Therefore, we address these defendants jointly.

[2] To prove a claim of fraudulent misrepresentation, "the party asserting it must show (i) false representation or concealment of a material fact, (ii) reasonably calculated to deceive, (iii) made with intent to deceive, (iv) which does in fact deceive, (v) resulting in damage to the injured party." *Deans v. Layton*, 89 N.C. App. 358, 366-67, 366 S.E.2d 560, 565-66 (1988). "A defendant cannot 'be liable for concealing [or falsely representing] a fact of which it was unaware.' " *Forbes v. Par Ten Group, Inc.*, 99 N.C. App. 587, 594, 394 S.E.2d 643, 647 (1990) (quoting *Ramsey v. Keever's Used Cars*, 92 N.C. App. 187, 190, 374 S.E.2d 135, 137 (1988)). "If a defendant presents evidence that it did not know of the fact in issue, 'the burden shifts to plaintiff to prove that defendant knew or had reason to know' the fact." *Id.*, (quoting *Ramsey*, 92 N.C. App. at 191, 374 S.E.2d at 137). Plaintiffs' claim fails because defendants' affidavits negate the element of "intent to deceive" by providing "[i]f part of the property is in a special flood zone, this information was not known to me nor was the possibility that any part of the property was located in a special flood zone even suggested to me. . . ." Plaintiffs did not produce conflicting evidence and failed to meet their burden of showing defendants "knew or had reason to know" the survey was incorrect.

To prove a claim of negligent misrepresentation, plaintiffs must show: (1) " 'in the course of a business or other transaction in which an individual has a pecuniary interest,' " (2) defendants " 'supplie[d] false information for the guidance of others[,]' " (3) " 'without exercising reasonable care in obtaining or communicating the information.' " *Everts v. Parkinson*, 147 N.C. App. 315, 328, 555 S.E.2d 667, 676 (2001) (quoting *Fulton v. Vickery*, 73 N.C. App. 382, 388, 326 S.E.2d 354, 358 (1985)). Defendants' affidavits demonstrate they relied on the validity of the survey, believing it accurately stated the property was not in a flood zone. Plaintiffs did not allege such reliance was unreasonable. Moreover, we have previously held a seller's agent not liable because she had "no reason to question [the

surveyor's] affirmative representation and make her own independent investigation when [the surveyor's] expertise was specifically in the area of conducting surveys and when he was paid to specifically conduct such survey." *Clouse v. Gordon*, 115 N.C. App. 500, 509, 445 S.E.2d 428, 433 (1994). We apply this same rule to the seller. Accordingly, we hold the trial court properly granted defendants' motion for summary judgment on the basis of misrepresentation.

II. Mistake Claim

**[3]** Plaintiffs also assert the trial court erred in granting defendant Gore's motion for summary judgment of plaintiffs' claim that the contract was based on a substantial mistake of fact affecting the essence of the contract. We agree.

" '[I]t is well established that the existence of a mutual mistake as to a material fact comprising the essence of the agreement will provide grounds to rescind a contract.' " *N.C. Monroe Constr. Co. v. State*, 155 N.C. App. 320, 330, 574 S.E.2d 482, 489 (2002), *disc. rev. denied*, 357 N.C. 165, 580 S.E.2d 370 (2003) (quoting *Lancaster v. Lancaster*, 138 N.C. App. 459, 465, 530 S.E.2d 82, 86 (2000)). It is also established that " '[t]he mistake of one party is sufficient to avoid a contract when the other party had reason to know of the mistake or caused the mistake.' " *Creech v. Melnik*, 347 N.C. 520, 528, 495 S.E.2d 907, 912 (1998) (quoting *Howell v. Waters*, 82 N.C. App. 481, 487-88, 347 S.E.2d 65, 69 (1986)). Accordingly, despite defendant Gore's assertion to the contrary, plaintiffs may assert a claim of mutual mistake as well as a claim of unilateral mistake because Gore supplied the flawed survey.

We note there are genuine issues of material fact regarding the claim of mistake, including, *inter alia*, whether the mistake was mutual or unilateral and whether the mistake affected the essence of the contract. Despite these issues, we consider that "[North Carolina] Supreme Court decisions have raised questions regarding application of the doctrine of mutual mistake to executed real estate contracts." *Howell*, 82 N.C. App. at 489, 347 S.E.2d at 70 (citing *Hinson v. Jefferson*, 287 N.C. 422, 215 S.E.2d 102 (1975); *Financial Services v. Capitol Funds*, 288 N.C. 122, 217 S.E.2d 551 (1975)). However, the Supreme Court recognized "certain mistakes will justify the rescission of an executed real estate contract; [and, this Court reasoned,] a mistake induced by a misrepresentation is as persuasive a case for rescission as any." *Id.*, 82 N.C. App. at 491, 347 S.E.2d at 71. Accordingly, this Court held "dispositive" the distinction that the mis-

take in *Hinson* and *Financial Services* was premised upon mistaken assumptions of the parties, and the mistake in *Howell* was based upon misrepresentation by the seller. *Id.* Therefore, although some uncertainty exists regarding the applicability of mistake to real estate contracts because "we jealously guard the stability of real estate transactions," precedent permits plaintiffs' claim against defendant Gore because it is based upon a mistake caused by a misrepresentation and not a mutual mistaken assumption. *Financial Services*, 288 N.C. at 139, 217 S.E.2d at 562.

Defendant Gore asserts he is entitled to summary judgment on the claim of mutual mistake because "[n]owhere in their pleadings have they alleged that there was a mutual mistake." However, "[t]he most fundamental tenet of modern pleading rules is that the pleadings should give 'sufficient notice of the claim asserted "to enable the adverse party to answer and prepare for trial . . . and to show the type of case brought." ' " *Holloway v. Wachovia Bank & Trust Co.*, 339 N.C. 338, 347, 452 S.E.2d 233, 238 (1994) (quoting *Sutton v. Duke*, 277 N.C. 94, 102, 176 S.E.2d 161, 165 (1970) (citation omitted)). We find plaintiffs' allegation that the contract "was based on a mistake of fact . . . based on the representations of L.R. Gore and his agents, the land was not in a flood zone" is sufficient to state a claim for mistake. We find no merit in defendant Gore's argument. Accordingly, Gore failed to establish a lack of a genuine issue of material fact, or that the claim was barred by precedent, or insufficient pleading, and therefore the trial court improperly granted Gore's motion for summary judgment. We reverse.

In sum, we affirm the order of the trial court granting summary judgment on the misrepresentation claims, but reverse the order of the trial court granting summary judgment for defendant Gore on the claim of mistake.

Affirmed in part, reversed in part.

Judges McGEE and HUNTER concur.